UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-61813-CIV-COHN/Seltzer

DISH NETWORK L.L.C., ECHOSTAR
TECHNOLOGIES L.L.C, and NAGRASTAR LLC,

    Plaintiffs,

vs.

BRUCE GOSS,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Response to Complaint and Motion to Dismiss [DE 8/9] and Plaintiffs' Response in Opposition to the Motion to Dismiss [DE 14]. The Court has carefully considered the filings in this action and is otherwise fully advised in the premises.[1]

Plaintiffs filed this action for violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*, the Communications Act of 1934, 47 U.S.C. § 605 *et seq.*, and the Electronic Communications Privacy Act, 18 U.S.C. § 2511 *et seq.* Plaintiffs allege that Defendant unlawfully circumvented the DISH network security system and received copyrighted, subscription-based satellite television programming without authorization and without payment to DISH Network. Complaint, ¶ 8. Defendant allegedly accomplished this action in part by subscribing to a pirate television service operated by Dark Angel, a Canadian based company whose records are now in possession of DISH Network. Id. Plaintiffs allege that Dark Angel's business records show that Defendant

---

[1] The Court notes that Defendant did not file a reply in support of his motion by the response deadline of October 21, 2011.

purchased a subscription from Dark Angel on or about May 5, 2010 and July 25, 2010, and that Defendant utilized Dark Angel to obtain DISH Network's descrambling control words to receive and descramble DISH Network copyrighted television programming. Id. at ¶¶ 24-25.

In response to the Complaint, Defendant Goss filed a one page document labeled "Response and Motion to Dismiss," in which he contends that he is unaware of any acts to circumvent a control device as he "was lead to believe that the venue at the flea market was legitimate and proper store front licensed and acting in Broward County." Goss contends that because he paid the vendor for the service, and because he was misled by the vendor and a victim of deceit, that he cannot be liable for receiving satellite television signals without authorization.

In response, Plaintiffs argue that intent is not an element of their claims and that they have adequately pled their claims for relief. Plaintiffs note that intent of a defendant is only relevant to types of relief that can be awarded to a plaintiff and against such a defendant. Upon a review of the Complaint, the Court agrees that the motion to dismiss should be denied for the reasons stated by Plaintiffs.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 9] is hereby **DENIED**;

2. By November 17, 2011, Defendant must file an Answer to the Complaint that complies with Rules 8(b) and 8(c) of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of November, 2011.

JAMES I. COHN
United States District Judge

copies to:
Enita Kushi, Esq./James A. Boatman, Jr., Esq.
Bruce Goss, pro se (via CM/ECF regular mail)